DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant James Hilderbrand appeals from a judgment of conviction and sentence entered by the Adams County Court pursuant to his plea of guilty to one count of having physical control of a vehicle while under the influence, in violation of R.C. 4511.194. For the following reasons, we affirm in part and reverse in part and remand the matter to the trial court.
 I. FACTS {¶ 2} On December 31, 2007, appellant was charged with operating a motor vehicle while under the influence ("OVI"), in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. At his arraignment hearing on January 4, 2008, he entered a plea of not guilty. Counsel was subsequently appointed. Thereafter, appellant agreed to plead guilty to an amended charge of *Page 2 
having physical control of a vehicle while under the influence ("Physical Control"), in violation of R.C. 4511.194, a misdemeanor of the first degree.
 {¶ 3} At the plea hearing, the court engaged the appellant in the following colloquy:
COURT: Do you understand that by pleading guilty to Physical Control you can serve the next six months in jail, and be fined a Thousand Dollars?
MR. HILDERBRAND: (inaudible)
COURT: You'll have to speak.
MR. HILDERBRAND: Yes, sir.
COURT: You understand there is no guarantee as to what sentence you may or may not receive?
MR. HILDERBRAND: Yes, sir.
COURT: Can you read and write, Mr. Hilderbrand?
MR. HILDERBRAND: Yes, sir.
COURT: Did you read through this paperwork and fully discuss it with your attorney?
MR. HILDERBRAND: Yes, sir.
COURT: And did you sign off on it in a couple of places?
MR. HILDERBRAND: Yes, sir.
COURT: Do you understand that by pleading guilty, and did you discuss with your attorney, that by pleading guilty you're giving up all your rights to trial, whether it's a court trial or jury trial?
MR. HILDERBRAND: Yes, sir.
COURT: Realize you're giving up your right to confront your accusers and have your attorney cross examine them?
 MR. HILDERBRAND: Yes, sir. *Page 3 
COURT: Realize you're giving up your right to subpoena witnesses?
MR. HILDERBRAND: Yes, sir.
COURT: Realize you're giving up your right to present a defense?
MR. HILDERBRAND: Yes, sir.
COURT: Realize you're giving up your right to make the State prove your guilt beyond a reasonable doubt?
MR. HILDERBRAND: Yes, sir.
COURT: Realize you're giving up your right to be presumed innocent until the State proves your guilt beyond a reasonable doubt?
MR. HILDERBRAND: Yes, sir.
COURT: Realize you're giving up your right against self incrimination?
MR. HILDERBRAND: Yes, sir.
COURT: Realize you're giving up your rights on appeal?
MR. HILDERBRAND: Yes, sir.
 {¶ 4} The court went on to address the factual predicate for the offense. It asked appellant if, on December 31, 2007, in the Village of Manchester, he was in physical control of a motor vehicle while he was impaired by drugs or alcohol, so as to impair his ability to safely operate the vehicle. Appellant agreed that those were the facts underlying his guilty plea. The court then accepted appellant's guilty plea and found him guilty.
 {¶ 5} Appellant also signed the court's judgment entry, which stated that he understood that by pleading guilty, he waived the following: (1) his right to a speedy and public trial by a jury or by the court; (2) his right to confront witnesses against him; (3) his right to compulsory process for obtaining witnesses in his *Page 4 
favor; (4) his right to have the state prove his guilt beyond a reasonable doubt; (5) his right to be presumed innocent until the state proves his guilt beyond a reasonable doubt; (6) his right not to be compelled to testify against himself; and (7) his right to appeal. The entry also set forth the maximum penalties for the OVI offense, as well as the Physical Control charge.
 {¶ 6} At the sentencing hearing, the court sentenced appellant to 180 days in jail, with 80 days suspended. The court also ordered two years probation with the first six months as intensive supervised probation.
 II. PROPOSED ASSIGNMENTS OF ERROR {¶ 7} Upon appeal, appointed counsel has entered a brief, pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493. In Anders, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id.
 {¶ 8} Upon receiving an Anders brief, we must "conduct `a full examination of all the proceedings to decide whether the case is wholly frivolous.'" Penson v. Ohio (1988), 488 U.S. 75, 80, quotingAnders at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording *Page 5 
appellant the assistance of counsel. Id.; see, also, State v.Tewolde, Ross App. No. 07CA2946, 2007-Ohio-6330, at ¶ 7. If we find, however, that meritorious issues for appeal exist, we must afford the appellant the assistance of counsel in order that counsel may address the issues. Anders at 744.
 {¶ 9} Here, appellant's counsel satisfied the requirements set forth in Anders. Accordingly, we will examine appointed counsel's proposed assignments of error and the entire record to determine if this appeal lacks merit. Appointed counsel raises the following proposed assignments of error:
 First Assignment of Error:
 The trial court erred by failing to advise Mr. Hilderbrand of the effects of his guilty plea, since it never told him that a guilty plea was a complete admission of guilt. Crim. R. 11 (E) 
(B)(1); (Tr., March 3, 2008, at 1-4).
 Second Assignment of Error:
 The trial court erred by failing to communicate the differing effects of a guilty, not guilty, and no-contest plea. This error prevented Mr. Hilderbrand's (sic) from entering a plea that was knowing and voluntary. (Tr., March 3, 2008, at 1-4).
 Third Assignment of Error:
 The trial court erred by failing to communicate the possibility of probation or other community control sanctions when it explained the potential sentence at the plea colloquy. Consequently, Mr. Hilderbrand was unable to enter a knowing and voluntary plea. (Tr., March 3, 2008, at 1).
 III. GUILTY PLEA {¶ 10} A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. State v.Jones, *Page 6 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6, citing State v. Watkins, 99 Ohio St.3d 12,2003-Ohio-2419, ¶ 25. Crim. R. 11, which governs the entering of pleas, states in part:
 (B) Effect of guilty or no-contest pleas
 With reference to the offense or offenses to which the plea is entered:
 (1) The plea of guilty is a complete admission of the defendant's guilt.
 * * *
 (E) Misdemeanor cases involving petty offenses
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no-contest, and shall not accept such plea without first informing the defendant of the effect of the plea of guilty, no-contest, and not guilty.
 The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule.
 {¶ 11} "Petty offense" means a misdemeanor other than a serious offense. See Crim. R. 2(D). "Serious offense" means any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. See Crim. R. 2(C). Similarly, Traf. R. 2(E) defines "serious offense" as an offense for which the penalty prescribed by law includes confinement for more than six months, and Traf. R. 2(D) defines "petty offense" as an offense for which the penalty prescribed by law includes confinement for six months or less.
 {¶ 12} Here, appellant entered a plea of guilty to a Physical Control charge, a first-degree misdemeanor in violation of R.C. 4511.194 and subject to a maximum sentence of 180 days. See R.C. 2929.24. Because appellant's plea was entered to a petty offense, Crim. R. 11 (E) applies to this case. *Page 7 
 {¶ 13} In his first proposed assignment of error, counsel suggests that the trial court erred by failing to advise appellant of the effects of his guilty plea because the court never told him that a guilty plea was a complete admission of guilt.
 {¶ 14} The Supreme Court of Ohio has held that "[t]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B)." Jones at paragraph two of the syllabus.
 {¶ 15} Here, as set forth above, before accepting the guilty plea during the plea hearing, the trial court engaged in a lengthy colloquy with appellant. The court explained the maximum penalty for the offense. The court also explained to appellant that by pleading guilty he was waiving certain rights, including the following: (1) his right to a court or jury trial; (2) his right to confront his accusers and have his attorney cross examine them; (3) his right to subpoena witnesses; (4) his right to present a defense; (5) his right to have the state prove his guilt beyond a reasonable doubt; (6) his right to be presumed innocent until the state proves his guilt beyond a reasonable doubt; (7) his right against self-incrimination; and (8) his rights on appeal. When the court asked appellant after each explanation of these rights whether he understood the rights he was waiving by pleading guilty, appellant said yes. However, there is nothing in the record, either orally or in writing, that the trial court informed appellant of the appropriate language under Crim. R. 11(B) before accepting his plea. *Page 8 
 {¶ 16} Nevertheless, failure to comply with nonconstitutional rights, such as the information in Crim. R. 11(B)(1), will not invalidate a plea unless the defendant suffered prejudice as a result. See Jones, supra, at ¶ 52, citing State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, (holding that "[t]he right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance."). Moreover, the Supreme Court of Ohio has held:
 A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim. R. 11 is presumed not to be prejudicial.
Griggs at syllabus.
 {¶ 17} As appointed counsel correctly notes, the record shows that during the plea hearing appellant agreed with the trial court's recitation of the facts underlying the offense. The record also demonstrates the absence of any claim of actual innocence on the part of appellant. As such, appellant is presumed to understand that he has completely admitted his guilt. Because we find nothing in the record that would support a finding that the trial court's failure to inform appellant that his guilty plea was a "complete admission of guilt" resulted in any prejudice, we reject appointed counsel's first proposed assignment of error.
 {¶ 18} In his second proposed assignment of error, counsel suggests that the trial court erred by failing to communicate the differing effects of each possible plea, i.e., guilty, no contest, and not guilty, in violation of Crim. R. 11(E). *Page 9 
 {¶ 19} However, the Supreme Court of Ohio has held that "in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." Jones at paragraph one of the syllabus. In this case, the trial court was required to inform appellant only of the effect of a guilty plea, the plea he entered. And as we have previously determined, the trial court substantially complied with the Crim. R. 11 requirement to explain the effects of appellant's guilty plea. Therefore, we reject appointed counsel's second proposed assignment of error.
 {¶ 20} In his third assignment of error, counsel suggests that the trial court erred by failing to communicate the possibility of probation or other community control sanctions when it explained the potential sentence at the plea hearing.
 {¶ 21} As we explained above, Crim. R. 11 sets forth "distinct procedures, depending upon the classification of the offense involved."Jones at ¶ 11. In felony cases, the procedure is more elaborate than that for misdemeanors. Id. at ¶ 12. For example, before accepting a guilty plea in a felony case, a trial court is required to determine that the defendant understands the maximum penalty involved. Id.; Crim. R. 11(C)(2). But in misdemeanor petty offense cases, a court is only required to inform the defendant of the effect of his plea.Jones, supra. In Jones, the Court explained that "a statement about the effect of a plea is separate from statements relating to a maximum penalty." Id. at ¶ 22. Thus, for misdemeanor petty offenses, there is no requirement that a trial court advise a defendant of the maximum penalty involved. There is also no requirement that a trial court advise a defendant of every potential sentence, as counsel suggests. *Page 10 
 {¶ 22} Here, prior to accepting appellant's guilty plea, the trial court determined that appellant understood the maximum penalty involved, i.e., that by pleading guilty to Physical Control appellant could be sentenced to six months in jail and be fined $1,000. While the trial court did not advise appellant of every potential sentence, because there is no such requirement, it did not err in failing to do so. Accordingly, we reject appointed counsel's third potential assignment of error.
 IV. SENTENCING {¶ 23} Though we agree with appointed counsel that none of these proposed assignments of error have merit, based upon our independent review of the record we nonetheless conclude that a meritorious issue for appeal exists. Specifically, we find that the trial court erred in not advising appellant of the possible sanctions that could be imposed for violating community control.
 {¶ 24} The trial court sentenced appellant to 180 days in jail, with 80 days suspended. The court also imposed two years of probation, a form of a community control sanction. A court's imposition of community control sanctions is governed by R.C. 2929.25(A)(3), which provides:
 At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:
 (a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not *Page 11 
exceed the five-year limit specified in division (A)(2) of this section;
 (b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
 c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code. [Emphasis added.]
 {¶ 25} Thus, R.C. 2929.25(A)(3) requires a trial court to notify an offender of the possible sanctions for violating community control at the sentencing hearing. Here, the transcript of the sentencing hearing in this case indicates that the court failed to notify appellant of the possible sanctions for community control violations and, therefore, that the trial court failed to comply with the requirements of R.C. 2929.25(A)(3). We conclude that the court's failure to notify appellant of these sanctions at the hearing constitutes error and requires us to reverse and remand the matter to the trial court for resentencing.[1]
 {¶ 26} We recognize that, pursuant to Anders, if we find, after a full examination of the proceedings, that a nonfrivolous issue for appeal exists, we are to appoint new counsel for the appellant and afford new counsel the opportunity to argue on appeal. Anders at 744; see, also,Penson, supra. While *Page 12 
we find no merit in any of counsel's proposed assignments of error, our independent review of the record reveals a non-frivolous issue, i.e., that the trial court erred in sentencing appellant. Given that none of the other proposed assignments of error have merit, but that appellant's sentence is clearly contrary to law, we conclude that justice requires an immediate remand to the trial court for resentencing. See, e.g.,State v. McGhee, Lawrence App. No. 04CA15, 2005-Ohio-1585. We grant appellate counsel's motion to withdraw as counsel and instruct the trial court to appoint new counsel to represent appellant at resentencing.
 {¶ 27} The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded to the trial court.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.
[1] When there is a sentencing error, "the usual practice is for an appellate court to remand to the trial court for resentencing."State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 33. While we have previously recognized that a straight remand can cause problems in community control sentencing cases in which a trial court failed to give the statutorily required notification at the original sentencing hearing, see State v. Maxwell, Ross App. No. 04CA2811, 2005-Ohio-3575, at ¶ 13, citing Brooks, the present case does not involve a sentence imposed after a community control violation has already occurred. As such, the concerns associated with an after-the-fact reimposition of community control where the defendant was not properly notified prior to a violation do not apply in this case. *Page 1