[Cite as *State v. Watters*, 2012-Ohio-3809.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97656

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES E. WATTERS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART, REVERSED
## IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543396

**BEFORE:**   E. Gallagher, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   August 23, 2012

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Aaron Brockler
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant James E. Watters appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas. Watters argues the trial court erred in denying his motion to withdraw his guilty plea, in ordering his telephone and mail privileges suspended, in sentencing him to a 28-year prison sentence and in failing to correctly impose postrelease control. For the following reasons, we affirm in part, reverse in part, and remand the matter for proceedings consistent with this opinion.

{¶2} On October 28, 2010, a Cuyahoga County grand jury returned an indictment charging Watters with aggravated murder with one and three-year firearm specifications, carrying a concealed weapon, having weapons under disability and tampering with evidence.

{¶3} On June 14, 2011, the state presented evidence to the court at a pretrial conference that Watters was using the county jail's telephone system to manufacture alibis and threaten potential witnesses. Based upon this evidence, the court ordered the cessation of Watters's phone and mail privileges. On October 18, 2011 during a hearing on pending motions, Watters expressed to the court his dissatisfaction with the restriction of his phone and mail privileges. Appellant stated, "I don't understand the purpose of the phone and mail restrictions." Tr. 27. The court reiterated its rationale for the

restrictions and ordered that they be continued.

{¶4} On November 7, 2011, appellant withdrew his not guilty plea and pleaded guilty to aggravated murder with one and three-year firearm specifications as charged in the indictment. In return, the state dismissed the remaining charges. After the change of plea was entered, the court heard from members of the victim's family, the arresting officer, members of the appellant's family, the appellant's attorney, the state's attorney and the appellant. The court then sentenced appellant to consecutive terms of three years on the firearm specification and 25 years to life on the charge of aggravated murder with parole eligibility after 28 years. During sentencing, the court noted that it considered all of the requirements under R.C. 2929.11, 2929.12 and 2929.13. The court then informed Watters that there was "no PRC requirement under the statute at this time." Tr. 74.

{¶5} In the court's journal entry for the sentencing hearing, however, the court included language stating that "post release control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28."

{¶6} On December 6, 2011, the appellant filed his notice of appeal to the court. Watters's notice of appeal stated that he was appealing "from the judgment of conviction" and included the court's journal entry from the November 7, 2011 sentencing hearing. In the section designated for a brief summation of anticipated assignments of error, the appellant included no information. The form has since

remained unmodified.

{¶7} After Watters filed the instant appeal, he filed a motion with the trial court to withdraw his guilty plea that the court denied on January 12, 2012.

{¶8} In his first assignment of error, Watters argues that the trial court erred in failing to grant his motion to withdraw his guilty plea. In his second assignment of error, Watters argues that the trial court violated his constitutional rights when it terminated his telephone and mail privileges. These assignments of error shall be addressed contemporaneously.

{¶9} Appellant's notice of appeal fails to include the journal entries for the denial of his motion to withdraw his guilty plea and the court's order that his phone and mail privileges be removed. Furthermore, appellant makes no mention of these potential assignments of error anywhere in his notice of appeal. The only journal entry included in appellant's notice of appeal is that of his sentencing hearing. Thus, appellant has failed to separately appeal these issues.

{¶10} App.R. 3(D) states that a notice of appeal "shall designate the judgment, order or part thereof appealed from * * *." This court has held that it is "without jurisdiction to review a judgment or order which is not designated in appellant's notice of appeal." *State v. Wright*, 8th Dist. No. 95634, 2011-Ohio-3583, citing *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (8th Dist.1991), and *Schloss v. McGinness*, 16 Ohio App.3d 96, 97-98, 474 N.E.2d 666 (8th Dist.1984). This

court has also applied this holding in several other cases. *See State v. Kennedy*, 8th Dist. No. 79143, 2002-Ohio-42; *State v. Millhouse*, 8th Dist. No. 79910, 2002-Ohio-2255, ¶ 51-52.

**{¶11}** In the present case, Watters failed to comply with App.R. 3(D) and failed to amend his notice of appeal under the procedures outlined in App.R. 3(F). He also failed to file a separate notice of appeal based on these first two assignments of error. For the reasons stated above, the appellant's first two assignments of error fall outside the scope of the current appeal and will not be addressed by this court.

**{¶12}** In his third assignment of error, Watters argues that the trial court abused its discretion in sentencing him to a 28-year prison sentence. Specifically, Watters argues that his sentence was not consistent with that of similarly situated offenders, and that the court failed to consider the required statutory factors under R.C. 2929.11. We disagree.

**{¶13}** The Ohio Supreme Court established the proper standard of review for sentencing determinations in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936, ¶ 16, fn.2.

**{¶14}** Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first prong is satisfied, then we review the trial court's decision under the abuse of discretion

standard.  *Id*.  To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶15}  In this matter the appellant pleaded guilty to aggravated murder in violation of R.C. 2903.01, which carried a possible penalty of life imprisonment with eligibility for parole after 20 years, after 25 years, after 30 years or no possibility for parole.  R.C. 2929.03(A)(1).  The charge of aggravated murder contained both one and three-year firearm specifications, which, pursuant to R.C. 2929.14(B)(1)(a)(ii) and R.C. 2929.145(A), requires the trial court to sentence a defendant to an additional three-years incarceration.  Thus, Watters's sentence of 28 years to life was within the statutory provisions.  *See* R.C. 2929.03, R.C. 2929.14(B)(1)(a)(ii), R.C. 2929.145(A).

{¶16}  The trial court's sentencing journal reads in part:  "The court considered all required factors of the law.  The court finds that prison is consistent with the purpose of R.C. 2929.11."  This statement alone has been held to be enough to show the trial court considered all of the factors of R.C. 2929.11.  *See State v. Burrell*, 8th Dist. No. 95512, 2011-Ohio-2533, ¶ 19.  Furthermore, in the transcript of the sentencing hearing the court stated:  "The court having considered all the required factors under 2912.12, .11, .12 and .13, * * * after considering all of the required factors again under 2929.11, .12 and .13, I am sentencing you to life [sic] imprisonment with parole eligibility after serving 25 full years."  Tr. 71-72.

**{¶17}** Even though, as noted above, the trial court considered all the required factors under R.C. 2929.11, 2929.12, and 2929.13, Watters maintains that his sentence was not consistent with sentences imposed for similar crimes. This court has concluded that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis to preserve the issue for appeal. *State v. Bronczyk*, 8th Dist. No. 96326, 2011-Ohio-5924, ¶ 61; *State v. Cole*, 8th Dist. No. 93271, 2010-Ohio-3408, ¶ 31.

**{¶18}** During his sentencing hearing, Watters did not raise the issue that his sentence was disproportionate to sentences given to other offenders with similar records who have committed the same offense, nor did he present evidence as to what a "proportionate sentence" might be. Therefore, he has not preserved the issue for appeal.

**{¶19}** Based on the foregoing, we conclude that Watters's sentence was not contrary to law. Similarly, we find no abuse of discretion on the part of the trial court. Accordingly, appellant's third assignment of error is overruled.

**{¶20}** In his fourth and final assignment of error, Watters argues that the trial court improperly imposed a term of postrelease control in this case.[1] We agree.

---

[1]In this assigned error, Watters also alleges that the trial court failed to advise him of the potential postrelease control provisions in a separate felony case in the common pleas court. This case, which Watters does not identify, is not

**{¶21}** Under R.C. 2967.28, postrelease control is not applicable to an unclassified felony. *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. Under R.C. 2967.28(B) postrelease control applies to

> each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.

**{¶22}** Thus, the statute does not apply to an unclassified felony, one of which is aggravated murder. The proper remedy in this case is to remand the case to the trial court in order to correct the journal entry. *See State v. Evans*, 8th Dist. No. 95692, 2011-Ohio-2153, ¶ 11.

**{¶23}** Watters's fourth and final assignment of error is sustained, in part.

**{¶24}** The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

---

before this court on appeal and thus, any alleged errors will be disregarded.

Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR

**Appendix**

**Assignments of Error:**

"**I.    THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE MOTION.**

"**II.    APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE COURT DENIED HIM ACCESS TO PHONE AND MAIL PRIVILEGES PRIOR TO TRIAL.**

"**III.    THE TRIAL COURT'S IMPOSITION OF MORE THAN THE MINIMUM AVAILABLE SENTENCE WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION.**

"**IV.    THE TRIAL COURT ERRED BY FAILING TO ADVISE APPELLANT OF POSTRELEASE CONTROL APPLICABLE TO HIS NON-CAPITAL OFFENSES AND THE SENTENCING JOURNAL ENTRY IMPROPERLY IMPOSED A TERM OF POSTRELEASE CONTROL FOR AGGRAVATED MURDER, AN UNCLASSIFIED FELONY.**"