[Cite as *State v. Walton*, 2014-Ohio-618.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                                          :          Case No. 13CA9
                                                       :
    Plaintiff-Appellee,                                :
                                                       :          DECISION AND
    v.                                                 :          JUDGMENT ENTRY
                                                       :
FRANK A. WALTON                                        :
                                                       :          **RELEASED:  02/13/14**
    Defendant-Appellant.                               :
_____

APPEARANCES:

Adam J. Baker, Athens, Ohio, for appellant.

Paul G. Bertram, III, Marietta City Law Director, and Catherine Ingram Reynolds, Marietta City Assistant Law Director, Marietta, Ohio, for appellee.
_____

Harsha, J.

{¶1}     Frank Walton appeals his minor misdemeanor convictions for speeding and possession of marihuana.  At his initial appearance, Walton pleaded no contest to both charges and the trial court imposed sentence.  Walton now contends that his convictions should be vacated because the court did not comply with Crim.R. 5(A), 10 and 11(E).  However, because Walton did not file a timely appeal from the trial court's sentencing entries, we lack jurisdiction to consider his first assignment of error, and must dismiss it.

{¶2}     Walton also argues that the trial court abused its discretion by denying his post-sentence motion to withdraw his pleas of no contest.  We agree.  The record shows that the trial court did not inform Walton of the effect of a no contest pleas as required by Crim.R. 11(E) and Traf.R. 10(D), until after it accepted his pleas.  And because the totality of circumstances shows that Walton did not subjectively understand

the implications of his plea, the trial court failed to substantially comply with Crim.R. 11(E) and Traf.R. 10(D).  Moreover, Walton would not have otherwise entered such pleas, i.e. he was prejudiced by the trial court's failure to substantially comply with these rules.  Because allowing his no contest pleas to stand would be a manifest injustice, we reverse the trial court's decision.

## I. OVERVIEW

**{¶3}**    After a traffic stop, an Ohio Highway Patrol trooper issued Walton citations charging him with speeding, in violation of R.C. 4511.21, and possession of marihuana less than 100 grams, in violation of R.C. 2925.11, both minor misdemeanor offenses. At his initial appearance, Walton appeared without counsel and pleaded no contest to both charges.  The trial court imposed sentence and thereafter, Walton filed a motion to "reopen case," in which he requested the trial court allow him to change his plea to not guilty because he did not fully understand the consequences of his no contest plea. The trial court denied the motion and this appeal followed.

## II. ASSIGNMENTS OF ERROR

**{¶4}**    Walton raises two assignments of error for our review:

1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY
DENYING THE DEFENDANT-APPELLANT DUE PROCESS OF LAW BY
FAILING TO COMPLY WITH THE MANDATES SET FORTH IN OHIO
CRIMINAL RULES 5(A), 10 AND 11(E).

2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND A
MANIFEST INJUSTICE THAT PREJUDICED DEFENDANT BY DENYING
DEFENDANT-APPELLANT HIS CRIMINAL RULE OF PROCEDURE 32.1
MOTION TO WITHDRAW HIS UNCOUNSELED NO CONTEST PLEA
WHICH WAS NOT VOLUNTARY, INTELLIGENTLY OR KNOWINGLY
MADE.  SUCH DENIAL OF SAID CRIMINAL RULE OF PROCEDURE
DEPRIVED DEFENDANT-APPELLANT OF HIS RIGHT TO COUNSEL
UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF

THE OHIO CONSTITUTION AND VIOLATED OHIO CRIMINAL RULE 44(B) AND (C).

### III. LAW AND ANALYSIS

#### A. Jurisdiction

{¶5}   Walton first argues that his convictions should be vacated because the trial court failed to comply with Crim.R. 5(A), 10 and 11(E).   However, because we lack jurisdiction to consider his first assignment of error, we must dismiss it.

{¶6}   App.R. 3(D) states that the notice of appeal "shall designate the judgment, order or part thereof appealed from * * *."  We are without jurisdiction to review a judgment or entry not designated in an appellant's notice of appeal.  *State v. Watters*, 8th Dist. No. 97656, 2012-Ohio-3809, ¶ 10.  *See also State v. Ogle*, 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420, ¶ 95.

{¶7}   Here, Walton's notice of appeal states that he "is appealing * * * from the judgment entered in this action on February 12, 2013," and attached is the trial court's February 12, 2013 denial of Walton's "Motion: to reopen case."  Nowhere in his notice of appeal does he reference the sentencing entries filed on December 28, 2012, which form the basis for his convictions.

{¶8}   Moreover, Walton filed his notice of appeal on March 11, 2013.  Under App.R. 4(A), a notice of appeal must be filed with 30 days of entry of the judgment or order being appealed.  And because Walton challenges the trial court's compliance with the rules of criminal procedure at his initial appearance, the time for appeal began to run with the court's filing of his sentencing entries on December 28, 2012.  *State v. Jordan*, 4th Dist. Gallia No. 00CA16, 2001 WL 1346129, *1 (Oct. 30, 2001).  Because Walton did not file a timely appeal from the trial court's sentencing entries in this case, we lack

jurisdiction to consider his first assignment of error. *See id.* Conversely, Walton timely filed his notice of appeal of the trial court's denial of his "motion to reopen the case". Therefore, we consider the merits of his second assignment of error below.

### B. Motion to Withdraw Pleas

{¶9}    In his second assignment of error, Walton argues that trial court erred by denying his motion to withdraw his pleas of no contest.[1]

### 1.  Crim R. 32.1 and the standard of review

{¶10}  Crim. R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  A defendant seeking to withdraw his plea after sentencing has the burden to establish that a manifest injustice will occur if the plea stands. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.  A manifest injustice is "a clear or openly unjust act." *State v. Dotson*, 4th Dist. Washington No. 03CA53, 2004-Ohio-2768, ¶ 5, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).  This is an "extremely high standard" that permits a defendant to withdraw his plea "only in extraordinary cases." *State v. Darget*, 4th Dist. Scioto No. 12CA3487, 2013-Ohio-603, ¶ 21.

{¶11}  "'[T]he decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court * * *.  Appellate review of the denial of a post-sentence motion to withdraw a guilty plea is therefore limited to a determination of whether the

---

[1] Walton contends that he filed a motion to withdraw his no contest pleas under Crim.R. 32.1, but that is not reflected on the face of his motion.  Rather, Walton filed a pro se "Motion: to reopen case," in which he requested that the trial court reopen his case "to a plea of not guilty." However, the trial court appropriately treated Walton's motion as a motion to withdraw his plea of no contest.

trial court abused its discretion.  The term "abuse of discretion" connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.'" *Id.* at ¶ 22, quoting *State v. Whitaker*, 4th Dist. Scioto No. 10CA3349, 2011-Ohio-6923, ¶ 9.

## 2.  Was Walton's plea involuntary?

**{¶12}**  Walton claims that his plea of no contest was not made voluntarily, intelligently or knowingly because the trial court did not "clearly advise" him of his rights and the consequences of his plea in violation of Crim.R. 5(A), 10(C) and 11(E). Specifically, Walton contends that the trial court did not advise him of 1.) his right to counsel; 2.) his right not to make incriminating statements; 3.) the points he would receive on his license as a result of his speeding conviction; and 4.) the loss of his federal financial aid as a result of his possession of marihuana conviction.  Walton also argues that he did not knowingly, voluntarily and intelligently waive his right to counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, as well as Crim.R. 44(B).   However, Walton did not raise these issues in his motion with the trial court.

**{¶13}**  Our review is confined to only those issues raised in Walton's motion to withdraw his no contest plea.  *See State v. Morgan*, 10th Dist. Franklin No. 12AP-241, 2012-Ohio-5773, ¶ 26.  Walton's pro se motion states in its entirety:

> I Frank Walton would like to reopen my case to a plea of not guilty[.] I didn't understand the fullness of the no contest plea.  Wasn't aware it would result in a guilty plea and my license would be suspended, and that this would be put on my record.

**{¶14}**  When a defendant fails to raise a specific argument in a post-sentence motion to withdraw his plea, he forfeits the issue for purposes of appeal.  *State v. Jacobson*, 4th Dist. Adams No. 01CA730, 2003-Ohio-1201, ¶ 9.  Although we are

sensitive to the fact that Walton filed his motion pro se, we are not required to address issues that are raised for the first time on appeal. *See Cooke v. Bowen*, 4th Dist. Adams No. 01CA730, 2013-Ohio-4771, ¶ 7. Because Walton cannot raise an issue for our review without having presented it first to the trial court, we summarily reject his Crim.R. 5(A) and 10(C) arguments concerning the advisement of his right to counsel, right not to make incriminating statements, points on his license and loss of financial aid, as well as waiver of his Crim.R. 44 and constitutional right to counsel.

{¶15} Walton also argues in his second assignment of error that he "clearly thought his defenses and trial would proceed under a 'No Contest' pleading" and but for this misunderstanding he would not have made such a plea. We construe this argument to mean Walton did not understand the effect of his no contest plea. And because Walton raised this issue in his motion with the trial court, we consider the merits of this argument. *Id.*

{¶16} "To ensure that pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11 sets forth specific procedural requirements the trial court must follow, depending upon the level of offense to which the defendant is pleading." *State v. Zarconi,* 7th Dist. Mahoning No. 11 MA 207, 2013-Ohio-891, ¶ 19, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." In this case, Walton's charge of possession of marihuana less than 100 grams was a minor

misdemeanor.  R.C. 2925.11(C)(3)(a).  The maximum penalty for a minor misdemeanor is a $150 fine and is therefore considered a petty offense. R.C. 2929.28(A)(2)(v).

{¶17}  Crim.R. 11(E) sets forth the requirements for accepting a plea in cases involving non-traffic petty offenses and provides: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas *without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.*" (Emphasis added).  Although Walton argues that Crim.R. 11(E) applies to both of his minor misdemeanor charges, "[t]he Traffic Rules apply to 'traffic cases,'" defined in Traf.R. 2 as "any proceeding * * * that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles." *Watkins* at ¶ 10.  And because Walton's speeding charge involved the violation of a traffic law, the Traffic Rules apply to that charge. *See id.*  Nevertheless, Crim.R. 11(E) "is identical in all relevant respects to Traf.R. 10(D)," and therefore the analytical framework for non-traffic petty offenses involving Crim.R. 11(E) is equally applicable to cases involving Traf.R. 10(D). *Id.* at ¶ 15.

{¶18}  "The Supreme Court of Ohio has held that '[t]o satisfy the requirements of informing the defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).'" *State v. Hilderbrand*, 4th Dist. Adams No. 08CA864, 2008-Ohio-6526, ¶ 14, quoting *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus.  Because Walton pleaded no contest to both charges, the trial court was required to inform him under Crim.R. 11(B) and Traf.R. 10(B) that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment,

information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶19} Informing a defendant of the effect of his or her plea is a nonconstitutional right and therefore, is subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. *See also State v. Butcher*, 4th Dist. Athens No. 09CA31, 2010-Ohio-4877, ¶ 13. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Moreover, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs* at ¶ 12. To demonstrate prejudice, "the defendant must show that the plea would otherwise not have been entered." *Veney* at ¶ 15.

{¶20} The state argues that the trial court complied with Crim.R. 11(B) and Traf.R. 10(B) at the outset of Walton's initial appearance by showing him a video recording that explained the effect of a no contest plea. However, there is no transcript or copy of the video included in the record.

{¶21} "While an appellant has a duty to see that a record is complete, he can do no more than request transcripts of all proceedings be prepared," which Walton did in this case. *Marietta v. Shell*, 4th Dist. Washington No. 87CA9, 1988 WL 76664, *2 (July 22, 1988) (considering whether the court complied with the requirements of Traf.R. 10(D) before accepting defendant's guilty plea). "The provisions of Criminal Rule 11 are

mandatory upon the trial court" and we will not "presum[e] from a silent record that its requirements as to the explanation of a defendant's rights have been complied with." *State v. West*, 4th Dist. Highland No. 416, 1982 WL 3394, *2 (Mar. 1, 1982).

{¶22} Here, the trial court initially asked Walton if he had watched the video in the hallway and if he understood "what his rights are." Walton answered affirmatively to both questions. However, this alone does not establish that the trial court complied with Crim.R. 11(E) and Traf.10(D). Rather, the transcript of the proceedings shows that the court did not explain the effect of the plea until after Walton entered his no contest pleas contrary to the express requirement the court "shall not accept such pleas without *first* informing the defendant of the effect of the plea * * *." (Emphasis added). Crim.R. 11(E); Traf.R. 10(D).

{¶23} The trial court engaged in the following exchange with Walton at his initial appearance:

THE COURT: Okay. We can resolve the speeding today.

* * *

THE COURT: Sure. But are you pleading guilty?

WALTON: All right. I want to plead no contest because –

THE COURT: That's fine. That's fine.

WALTON: - Okay.

THE COURT: Let me just read the card on the speeding. Officers on patrol on 77 on December 13th, around 5:25, observed a black motor vehicle traveling over the posted speed. At the time of the check, the vehicle was in the passing lane passing another vehicle, and the vehicle [inaudible], that he was still in the left lane, that he caught up to the slower traffic [inaudible]. Activated the overheads, the vehicle pulled over. On contact, they asked for license and registration and insurance. The driver gave him his license and insurance but not the registration. When asked for the registration, they checked the glove box.

[Inaudible]. Gave the driver a ticket. The driver and passenger asked [inaudible]. The rest of it has to do with the possession, okay?

WALTON: Uh-hum.

THE COURT: All right. On that, the Court makes a finding of guilty of the offense of speed. Is there anything you want to say about the speeding ticket? And then we can move on to the possession matter.

WALTON: No, thanks.

* * *

THE COURT: [I]f you've had some [inaudible] that have impacted this case on you, or if you have some legal questions in your mind that you wish to have explored by an attorney, I can either continue your case, or again, I can show a plea of not guilty and set it out for a month or so to let you have some time to decide what you want to do, whether to hire a lawyer to counsel you on the legal issues, or are you willing to dispose of it in some other fashion. I just need to know. I'm not telling you what to do, okay?

WALTON: What if I would plead no contest on it due to the fact that it was not a normal possession?

THE COURT: Well, see, now you're raising a legal issue.

**{¶24}** The court then continued the case so that Walton could do "some research" and possibly "talk to lawyer, or talk to [his] family." However, later the court recalled Walton's case for a third time that day and the following exchange occurred:

THE COURT: Okay. We're on the record on that case.

WALTON: Yes.

THE COURT: 12CRB2153. What do you want to do Mr. Walton?

WALTON: I would like to plead no contest in the hope that you would find me not guilty of the case, because it was not knowingly, and we still don't even . . .

THE COURT: Okay. Well let me take a very brief recess, because I'm going to go get the prosecutor, because he needs to be here.

* * *

THE COURT: Mr. Walton, the Court originally entered a plea of not guilty. Ordered the matter set for trial. You've come back into the courtroom. Is there something else that you wish to state?

WALTON: I would like to plead no contest.

THE COURT: Okay. I will accept a plea of no contest.

* * *

THE COURT: All right. Based on the statement of facts, the Court makes a finding of guilty. Is there anything you wish to say Mr. Walton, before sentence is imposed?

WALTON: Yes. See, I'm still not knowing that it's marijuana, so, I would like to do something, a trial of some sort, 'cause [inaudible]. So . . .

THE COURT: Okay. Well, a plea of no contest is an admission that the facts are true. Now the officer kept calling the marijuana weed, or some form of marijuana. It's not an admission that you're guilty but you've been found guilty. Now if you wish to avail yourself of opportunities to withdraw your plea, you can do that. You just need to tell me you need to at this point do something. I can continue this for sentencing for thirty days which would allow you the opportunity if you want to withdraw your plea under a different standard. I can go ahead and sentence you which then creates a different standard for withdrawing your plea. I just need to know what you want me to do now.

WALTON: (No audible response).

THE COURT: Okay. Let me look at this way. You don't have any record. You're twenty-one. Let me get a recommendation.

THE PROSECUTOR: Judge, in a case like this, typically, obviously it's not jailable. The typical recommendation is usually a hundred and fifty and costs; six months license suspension.

THE COURT: Now, he's a college student. I'm going to make that a hundred and costs. A hundred and eighty day license suspension.

**{¶25}** Thus, the record shows that the trial court only explained the effect of

Walton's pleas after accepting his pleas of no contest, contrary to the requirements of

Crim.R. 11(E) and Traf.R. 10(D). And given the totality of circumstances in the record

before us, we cannot conclude that Walton subjectively understood the implications of

his plea. Thus, the trial court failed to substantially comply with Crim.R. 11(E) and

Traf.R. 10(D). However, in order to vacate a plea for failure to inform the defendant of

the plea's effect, there must be prejudice to the defendant, which means the plea would

not have otherwise been entered. *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877

N.E.2d 677, at ¶ 52.

**{¶26}** The only evidence in the record indicates that Walton would not have

otherwise entered such a plea if he had known of its effect. Therefore, the trial court's

failure to comply with Crim.R. 11(E) and Traf.R. 10(D) was prejudicial.

## IV. CONCLUSION

**{¶27}** Because the trial court did not substantially comply with Crim. R. 11(E)

and Traf. R. 10(D) and this non-compliance prejudicially affected Walton, allowing his

no contest pleas to stand would be a manifest injustice. Accordingly, the trial court

abused its discretion in denying Walton's motion to withdraw his no contest pleas. We

sustain his second assignment of error, reverse the trial court's judgment, and remand

the case for further proceedings consistent with this opinion.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
           William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**