The **STATE** of Ohio, Appellant,

v.

**JACKSON**, Appellee.

[Cite as *State v. Jackson* (1993), 90 Ohio App.3d 702.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–402.

Decided Sept. 30, 1993.

*Douglas Wood,* for appellant.

*Paul Geller,* for appellee.

ABOOD, Judge.

This is an appeal by the state from a judgment of the Sylvania Municipal Court which granted appellee Donald A. Jackson's oral motion to dismiss or strike the penalty-enhancement portion of the theft charge that had been placed against him and reduced it from a felony of the third degree to a misdemeanor of the first degree. Appellant sets forth the following three assignments of error on appeal:

"(1) The trial court committed prejudicial error in dismissing the felony portion of the charge against defendant-appellee where defendant-appellee aided and abetted the principal in the commission of a third-degree felony grand theft and where Ohio law, through use of the command 'shall' in the complicity statute, mandates that an aider and abettor be subjected to the level of punishment which the principal could receive.

"(2) The trial court committed prejudicial error in dismissing the felony portion of the charge against defendant-appellee where the cases cited by the trial court in support of its decision were misinterpreted and do not support the proposition that an accomplice can be charged with a lesser offense than the principal he aided and abetted.

"(3) The trial court committed prejudicial error in dismissing the felony portion of the charge against defendant-appellee where the trial court was prohibited from invoking the illogical result rationale on which it relied because Ohio's complicity statute is not ambiguous."

The facts that are material to the issues raised in this appeal are as follows. On June 23, 1992, appellee was charged with complicity to grand theft for allegedly aiding and abetting Wilma Harris in the theft of $42 worth of clothing. The complicity charge was brought against appellee as a third degree felony based on the five prior theft convictions of Wilma Harris, the principal offender. Appellee has no prior theft convictions.

On August 6, 1992, appellee appeared in court with counsel and orally moved to dismiss the felony portion of the charge, arguing that he could not be considered a repeat offender based on the principal offender's prior record. In response, appellant filed a written "motion in opposition" to appellee's motion to dismiss. The trial court took the motions under advisement and on November 2, 1992, granted appellee's motion to dismiss the felony portion of the charge, thereby reducing it to complicity to petty theft, a misdemeanor of the first degree. Appellant filed a timely appeal from the granting of appellee's motion.

This court will consider appellant's assignments of error together since they all go to the same issue: whether appellee, as an aider and abettor in the theft of $42 worth of clothing, can be charged with grand theft based on the principal offender's prior convictions.

In support of his assignments of error appellant argues that the language "shall be prosecuted" as a principal offender, contained in R.C. 2923.03(F), means that appellee must be charged with an offense of the same degree as the principal offender. Appellant bases this argument on R.C. 2923.03, which states:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

" * * *

"(2) Aid or abet another in committing *the offense;*

" * * *

"(F) Whoever violates this section is guilty of complicity in the commission of an offense, and *shall be prosecuted and punished as if he were a principal offender.* A charge of complicity may be stated in terms of this section, or in terms of the principal offense." (Emphasis added.)

As to the underlying theft offense, R.C. 2913.02 states:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"(1) Without the consent of the owner or person authorized to give consent;

" * * *

"(B) Whoever violates this section is guilty of theft. If the value of the property or services stolen is less than three hundred dollars, a violation of this section is petty theft, a misdemeanor of the first degree. * * * [I]f the offender previously has been convicted of two or more theft offenses, a violation of this section is grand theft, a felony of the third degree. * * *"

Appellant contends that the language of these statutes dictates that, by aiding and abetting a principal offender who has five prior theft convictions, appellee subjected himself to prosecution and punishment on the felony rather than the misdemeanor theft that he would have been exposed to had he acted alone. Appellee responds that, although he may be prosecuted as if he were the person who actually committed the $42 theft, he cannot be held responsible for the criminal history of another.

Appellant relies on the decisions in *State v. Chapman* (1986), 21 Ohio St.3d 41, 21 OBR 327, 487 N.E.2d 566, and *State v. Moore* (1985), 16 Ohio St.3d 30, 16 OBR 410, 476 N.E.2d 355, to support its proposition that, although appellee did not himself possess any priors, the principal offender's five prior theft convictions can be imputed to him by virtue of his accomplice status. In both *Chapman* and *Moore,* the Ohio Supreme Court held that, where the principal used a firearm in the commission of an aggravated robbery, the unarmed accomplice is subject to prosecution "for the principal offense," and, therefore, may be charged and convicted of aggravated robbery and the firearm specification regardless of whether he was actually armed. *Moore,* 16 Ohio St.3d at 33, 16 OBR at 412, 476 N.E.2d at 357; see, also, *Chapman,* 21 Ohio St.3d at 42–43, 21 OBR at 327–328, 487 N.E.2d at 567–568.

Upon close review of *Chapman* and *Moore,* however, it appears clear that they do not support appellant's argument by analogy that appellee can be charged as a repeat offender based on the principal offender's priors. Those cases rather illustrate that the effect of the complicity statute, R.C. 2923.03(F), is to treat the accomplice as though he was the one who committed every act of the underlying *principal offense. Chapman* and *Moore, supra;* see, also, *State v. Graven* (1977), 52 Ohio St.2d 112, 116, 6 O.O.3d 334, 336–337, 369 N.E.2d 1205, 1208. Accordingly, appellee may properly be charged under the statute prohibiting the principal offense, R.C. 2913.02 (theft), and a court, in punishing appellee "as if he were a principal offender," can impute the elements of *the principal offense,* committed by the principal, to him as the aider and abettor. The plain language of the complicity statute itself, however, limits "the offense" to that principal offense in which appellee aided and abetted. The complicity statute, by its very terms, precludes appellant from attributing to appellee the criminal record which the principal offender alone has compiled as a result of offenses committed at other times and places.

In accordance with the foregoing, appellant's assignments of error are found not well taken.

Upon consideration of appellee's request for a finding that this appeal is frivolous and an order for attorney fees and costs, this court finds that said request is not well taken and is hereby denied.

Upon consideration whereof, this court finds that appellant was not prejudiced by the trial court's ruling. The judgment of the Sylvania Municipal Court is affirmed and the cause is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, P.J., and HANDWORK, J., concur.