[Cite as *State v. Jung*, 2018-Ohio-1514.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105928

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MATTHEW JUNG**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART;
REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-584243-A, CR-14-591390-A,
CR-14-591534-C

**BEFORE:** E.A. Gallagher, A.J., Stewart, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**ATTORNEY FOR APPELLANT**

Erin E. Hanson
The Rockefeller Building, Suite 1300
614 W. Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Shannon M. Musson
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Matthew Jung appeals the sentences imposed by the Cuyahoga County Court of Common Pleas in three cases, Case Nos. CR-14-584243-A, CR-14-591390-A and CR-14-591534-C, after he violated community control sanctions. Jung contends that his sentences in all three cases should be vacated because the record does not support the imposition of maximum sentences and the trial court improperly imposed postrelease control for an unclassified felony in CR-14-591390. For the reasons that follow, we vacate the portion of Jung's sentence in CR-14-591390 that imposes postrelease control. We otherwise affirm Jung's sentences.

**Factual and Procedural Background**

{¶2} In September 2016, Jung pled guilty to one count of breaking and entering in violation of R.C. 2911.13 (a fifth-degree felony) and one count of theft in violation of R.C. 2913.02(A)(1) (a first-degree misdemeanor) in CR-14-584243, one count of open dumping and burning in violation of R.C. 3734.03 (an unclassified felony) in CR-14-591390 and one count of receiving stolen property in violation of R.C. 2913.51(1) (a fifth-degree felony) in CR-14-591534. At the time Jung committed these offenses he was on probation for a theft charge in the Parma Municipal Court. On October 5, 2016, after reviewing the presentence investigation report and hearing from Jung, his counsel and the mother of Jung's children, the trial court sentenced Jung to one-and-a-half years of community control sanctions in each case. The trial court also sentenced Jung to a six-month jail term on the theft charge in CR-14-584243, but suspended the jail term, ordered Jung to perform 100 hours of community service in CR-14-591390, ordered Jung to pay $3,020 in restitution in CR-14-591534 and ordered him to perform community service in lieu of paying costs in all three cases. At the sentencing hearing,

the trial court advised Jung that if he violated the community control sanctions, he would receive maximum sentences in each case. The trial judge further indicated that he would order that the sentences be served consecutively. Jung did not appeal the trial court's judgment.

{¶3} On October 20, 2016, Jung failed a drug test, testing positive for opiates and heroin. A capias was issued for his arrest. In December 2016, Jung was arrested on the capias.

{¶4} On December 22, 2016, the trial court held a community control violation hearing based on the failed drug test. Jung admitted the allegations against him and the trial court found Jung to have violated his community control sanctions. After hearing from Jung, his counsel, the probation officer and the state, the trial judge continued community control sanctions in each of the cases, ordering Jung to complete an inpatient treatment program and attend aftercare and twelve-step meetings. The trial judge told Jung, "If you fail to comply with these orders of probation, you're looking at some serious consequences." He once again informed Jung that if he violated the community control sanctions, he would receive maximum sentences in each case and that he would order that the sentences be served consecutively. Jung indicated that he understood. Jung was remanded to the Cuyahoga County jail and ordered to be transported to an inpatient treatment facility when a bed became available.

{¶5} On January 4, 2017, Jung was transported to a residential treatment facility for inpatient drug treatment. That same day, he absconded from the facility. A capias was issued for his arrest. In May 2017, Jung was arrested on the capias and returned to jail.

{¶6} On May 22, 2017, the trial court held a second community control violation hearing. Once again, Jung admitted the allegations against him and the trial court found that Jung violated his community control sanctions by absconding from the treatment facility. Prior to sentencing Jung on the community control violation, the trial court heard from Jung, his

probation officer and his counsel. The probation officer outlined the allegations against Jung and indicated that a computerized criminal history record check did not reveal any new charges pending against Jung. Jung apologized for his actions and claimed that he left the facility due to a "family emergency" and concern regarding the safety of his children. He admitted that after he absconded from the inpatient treatment facility, he had lied and had given his father's name as his own when he was approached by police while collecting donations for his son's flag football team and when he was arrested for the community control violation. He requested a second chance to complete treatment.

{¶7} After "consider[ing] all this information," the trial court found that Jung was not amenable to community control sanctions, terminated them and imposed maximum prison sentences in each case. In CR-14-591534, the trial court imposed a 12-month prison sentence, in CR-14-591390, the trial court imposed a prison sentence of two-to-four years and in CR-14-584243, the trial court imposed a 12-month prison sentence on the breaking and entering charge and imposed the previously suspended six-month jail term on the theft charge. The trial court ordered that each of the sentences run concurrently to one another. The trial court also imposed postrelease control for up to three years in each case.

{¶8} Jung appealed his sentences, raising the following two assignments of error for review:

> ASSIGNMENT OF ERROR I: The trial court's imposition of maximum sentences in CR-14-584243 and CR-14-591534 is not supported by the record in this matter.

> ASSIGNMENT OF ERROR NO. II: The trial court erred when imposing sentence in CR-14-591390.

**Law and Analysis**

**Maximum Sentences**

{¶9} Jung challenges the trial court's imposition of maximum sentences following his violation of community control sanctions in each of the three cases at issue. Jung argues that his sentences in CR-14-584243 and CR-14-591534 should be vacated because (1) the trial court did not consider the principles and purposes of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when sentencing Jung and (2) "[t]he record as a whole does not support the sentences imposed" by the trial court in those cases. He also contends that the trial court abused its discretion by failing to consider the overriding purposes of felony sentencing under R.C. 2929.11 when sentencing him to a two-to-four year prison term for violating R.C. 3734.03 in CR-14-591390.[1]

{¶10} "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17; *see also State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11.

{¶11} Former R.C. 2929.15(B)(1) provides a trial court with a choice of sanctions where a defendant violates community control sanctions:

---

[1]Violations of R.C. 3734.03 are sentenced pursuant to R.C. 3734.99. Because "those sentences allowed in R.C. 3734.99 stand alone and are not subject to all of the (specific) guidelines in Chapter 2929 of the Revised Code" and "violation of the environmental statutes results in an unspecified felony," this court has held that, although a trial court must consider the overriding purposes of felony sentencing when sentencing a defendant for a violation of R.C. Chapter 3734, "compliance with the specific felony sentencing guidelines [is] impossible." *State v. Steiner*, 8th Dist. Cuyahoga Nos. 80488, 80489, 80490, 2002-Ohio-4019, ¶ 22; *State v. Lundy*, 8th Dist. Cuyahoga No. 87050, 2006-Ohio-3497, ¶ 26; *see also State v. Jackson*, 4th Dist. Lawrence No. 97CA2, 1997 Ohio App. LEXIS 5433 *8-9 (Dec. 1, 1997) (where defendant was sentenced under R.C. 3734.99, it was not necessary for the trial court to comply with R.C. 2929.12 but the trial court "must comply with the overriding purposes of felony sentencing outlined in R.C. 2929.11.)"

If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c) _A prison term on the offender pursuant to section 2929.14 of the Revised Code.

{¶12} Where the trial court imposes a prison term for violation of community control sanctions, R.C. 2929.15(B)(3) provides:

The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. * * *

{¶13} In this case, the sentences at issue were within the statutory range and did not exceed the sentences the trial court told Jung, at the sentencing hearing, it would impose if he violated his community control sanctions.

**Felony Sentences**

{¶14} We review felony sentences[2] under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23 ("R.C. 2953.08 specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals."). Under R.C. 2953.08(G)(2), an appellate

---

[2] In Case No. CR-14-584243 Jung was convicted both of breaking and entering in violation of R.C. 2911.13 (a fifth-degree felony) and theft in violation of R.C. 2913.02(A)(1) (a first-degree misdemeanor). However, he argues only that his sentences are contrary to law because the trial court failed to comply with statutory requirements for felony sentencing. Because Jung did not include any argument or authority related to the sentencing on his misdemeanor offense, pursuant to App.R. 12(A)(2) and 16(A)(7), we disregard his assignment of error to the extent it relates to that offense.

court must "review the record, including the findings underlying the sentence * * * given by the sentencing court." An appellate court "may increase, reduce, or otherwise modify a sentence" or it may vacate a sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly" finds either that: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *Marcum* at ¶ 1, 21-23. A sentence is contrary to law if the sentence falls outside the statutory range or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g., State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23; *see also State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

{¶15} R.C. 2929.11 provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes" of felony sentencing — "to protect the public from future crime by the offender and others and to punish the offender" — while "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A)-(B). The statute further provides that "[t]o achieve those purposes, the sentencing court shall consider the need

for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). However, the sentencing court must consider various seriousness factors set forth in R.C. 2929.12(B) and (C) and recidivism factors set forth in R.C. 2929.12(D) and (E) in determining the most effective way to comply with the purposes of sentencing set forth in R.C. 2929.11.

{¶16} Although the trial court must consider both the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to use particular language or to make specific findings on the record demonstrating its consideration of those purposes, principles and factors. *See, e.g., State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 11. Even where a trial court does not reference its consideration of R.C. 2929.11 and 2929.12 at the sentencing hearing or in its sentencing journal entry, this court has held that it can be presumed that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12 unless the defendant affirmatively shows otherwise. *See, e.g.*, *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13 ("R.C. 2929.11 and 2929.12 are not fact-finding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary".); *see also State v. Rogers*, 8th Dist. Cuyahoga No. 100903, 2014-Ohio-4573, ¶ 4 ("'Although the trial court's consideration of these factors is mandatory, proof of that consideration is not — "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper

consideration of those statutes.'" * * * This presumption can be rebutted by an affirmative showing by the defendant."), quoting *State v. Esner*, 8th Dist. Cuyahoga No. 90740, 2008-Ohio-6654, ¶ 10, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4.

{¶17} In support of his contention that the trial court did not consider R.C. 2929.11 or 2929.12 when sentencing him, Jung points out that (1) "[a]t no point while imposing sentence or even in the court's journal entries did the court indicate it considered the purposes and principles of sentencing" and (2) the trial court "made no findings about the seriousness of [Jung's] conduct or other factors set forth in R.C. 2929.12."

{¶18} Jung's argument that the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 and the relevant sentencing factors under 2929.12 is without merit. He has made no affirmative showing that the trial court did not comply with its obligation to consider the relevant sentencing principles, purposes and factors under R.C. 2929.11 and 2929.12. Accordingly, we presume that the trial court gave proper consideration to R.C. 2929.11 and 2929.12 in this case.

{¶19} Further, while the trial court did not expressly state on the record or in its sentencing journal entry that it considered R.C. 2929.11 and 2929.12, sufficient information in the record exists for this court to conclude that the trial court considered the relevant factors contained in R.C. 2929.12 in imposing sentences that comply with the purposes and principles of R.C. 2929.11. The trial judge had previously reviewed the PSI and presided at both the original sentencing hearing and the first violation of community control hearing. Both Jung and his counsel addressed the trial court and Jung engaged in a dialogue with the trial court at his second violation of community control hearing. The trial court heard Jung's claims of responsibility for

his actions, his remorse regarding how his actions had adversely impacted his family members and his acknowledgment that he had a serious drug problem. However, the trial court noted that he had already given Jung "multiple chances" to comply with community control sanctions and turn his life around. Jung had been on probation at the time he committed the offenses at issue. Although no new charges had been filed against Jung, the trial court noted that Jung had lied to police and identified himself as his father in an attempt to escape detection after he absconded from the drug treatment facility. The trial court previously warned Jung — twice — that if he did not comply with the community control sanctions, he would receive the maximum sentences on each of the offenses of which he had been convicted.[3] Jung indicated that he understood this, yet, once again, he violated his community control sanctions.

{¶20} On the record before us, we cannot say that any of Jung's felony sentences is clearly and convincingly contrary to law or that the record otherwise clearly and convincingly does not support his sentences.

{¶21} Jung's first assignment of error is overruled.

**Postrelease Control**

{¶22} Jung also contends that the trial court erred in imposing postrelease control for his violation of R.C. 3734.03 because it is an unclassified felony. We agree.

{¶23} It is well-established that R.C. 2967.28 does not authorize a trial court to impose postrelease control for unclassified felonies. *See, e.g., State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *State v. Clifton,* 8th Dist. Cuyahoga No. 105220,

---

[3]In fact, the trial court imposed a lesser aggregate sentence. At both the original sentencing hearing and the December 22, 2016 community control violation hearing, the trial court informed Jung that it would impose maximum consecutive sentences if he were to violate his community control sanctions. Instead, it imposed maximum concurrent sentences.

2018-Ohio-269, ¶ 26.  Accordingly, the portion of Jung's sentence that imposes postrelease control is contrary to law and void.  *Clifton* at ¶ 26; *see also State v. Loyed*, 8th Dist. Cuyahoga No. 101054, 2014-Ohio-5141, ¶ 13; *State v. Watters*, 8th Dist. Cuyahoga No. 97636, 2012-Ohio-3809, ¶ 21-22.  The state concedes this error.  Jung's second assignment of error is overruled in part and sustained in part.  We vacate the portion of Jung's sentence in CR-14-591390 that imposes postrelease control.  We otherwise affirm Jung's sentence in CR-14-591390 and affirm his sentences in CR-14-584243 and CR-14-591534.

**{¶24}** Judgment in CR-14-584243 and CR-14-591534 affirmed.  Judgment in CR-14-591390 affirmed in part, reversed in part and remanded for the trial court to issue a new journal entry reflecting that Jung is not subject to postrelease control in that case.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR