[Cite as *State v. Duncan*, 2019-Ohio-2436.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 107393 |
| HERMAN R. DUNCAN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 20, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-624839-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen M. Patton, Assistant Prosecuting Attorney, *for appellee.*

Thomas A. Rein, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Herman R. Duncan ("Duncan") appeals from his sentence.

**Factual and Procedural History**

{¶ 2} The charges in this case stem from a January 5, 2018 incident at a bar in Bedford, Ohio. Duncan was dancing with two women when a group of men came up to them on the dance floor and a fight broke out. Duncan was beaten by these men. He left the bar, went to his car to retrieve a gun, and returned to fire a shot through the window of the bar toward the dance floor.

{¶ 3} On January 16, 2018, Duncan was indicted on two counts of felonious assault and one count of having weapons while under disability. Both felonious assault counts carried repeat violent offender specifications and multiple firearm specifications. Duncan pleaded not guilty to the indictment.

{¶ 4} On May 2, 2018, a plea hearing was held. After the trial court engaged Duncan in a plea colloquy pursuant to Crim.R. 11, the court accepted Duncan's guilty plea to an amended count of felonious assault with a three-year firearm specification. The remaining counts and specifications were dismissed, and Duncan was referred to the probation department for a presentence investigation and report and to the psychiatric department for a mitigation report.

{¶ 5} On May 30, 2018, the trial court held a sentencing hearing. The prosecutor, defense counsel, and Duncan each addressed the court. The court sentenced Duncan to an aggregate prison term of ten years, made up of seven years on the felonious assault charge and three years on the firearm specification. Duncan appeals his sentence, presenting one assignment of error for our review.

## Law and Analysis

{¶ 6} In his sole assignment of error, Duncan argues that the record clearly and convincingly fails to support the imposition of more than a minimum sentence upon him.

{¶ 7} Pursuant to R.C. 2953.08(G)(2), a reviewing court may increase, reduce, or otherwise modify a felony sentence if it clearly and convincingly finds that either (a) the record does not support certain required statutory findings or, (b) the sentence is otherwise contrary to law. A sentence is contrary to law if the court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 8} R.C. 2929.11(A) establishes that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. While sentencing courts have discretion to determine how best to comply with these purposes, R.C. 2929.12 provides a list of factors that courts must consider in felony sentencing. Courts must carefully consider these purposes and factors, but "it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10.

{¶ 9} A review of the record in this case shows that the trial court considered the relevant factors in R.C. 2929.12 and the purposes of felony sentencing in R.C. 2929.11. At sentencing, the court discussed the circumstances of the offense and noted that when Duncan fired his gun into the bar, he was not defending himself or others and the initial fight had ended. The court also discussed Duncan's criminal history, including his apparent disregard for the victims in prior cases. Further, the sentencing journal entry states that "the court considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11." Duncan argues that the trial court did not reference R.C. 2929.12 at the sentencing hearing or in the corresponding journal entry. Such a reference is not necessary.

> Even where a trial court does not reference its consideration of R.C. 2929.11 and 2929.12 at the sentencing hearing or in its sentencing journal entry, this court has held that it can be presumed that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12 unless the defendant affirmatively shows otherwise.

*State v. Jung*, 2018-Ohio-1514, 111 N.E.3d 54, ¶ 16 (8th Dist.), citing *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. *See also State v. Esner*, 8th Dist. Cuyahoga No. 90740, 2008-Ohio-6654, ¶ 10.

{¶ 10} Duncan more specifically argues that the court failed to consider that he acted under strong provocation and there are substantial grounds to mitigate his conduct, pursuant to R.C. 2929.12(C)(2) and (4). The record, however, clearly indicates that the court considered the factors Duncan argues mitigate his conduct. The fact that the trial court disagreed with his or his counsel's theory that he was

acting under strong provocation and was attempting to protect others does not undermine the trial court's consideration of those factors.

{¶ 11} Duncan pleaded guilty to felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. R.C. 2929.14(A)(2)(a) provides that the sentencing range for felonies of the second degree is two to eight years. Here, the court's seven-year sentence on the felony was within the statutory range.

{¶ 12} Because Duncan's sentence is within the statutory range and we do not clearly and convincingly find that the record does not support the relevant findings, we affirm Duncan's sentence.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR