[Cite as *State v. Adams*, 2019-Ohio-4259.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 108083 |
| CARL ADAMS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 17, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629086-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eben O. McNair, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant Carl Adams ("Adams") appeals from his sentence for attempted felonious assault. For the reasons set forth below, we affirm.

## Factual and Procedural History

{¶ 2} The charges in this case stem from a May 4, 2018 incident at Adams's home in Cleveland, Ohio. Adams and his wife, Yvonne Cole, were at home with victim Priscilla Reeves ("Reeves"), Reeves's boyfriend, and her daughter. Adams and Reeves had both been drinking. According to Adams, he went to lay down when he thought he had had enough to drink, at which point Reeves began provoking him. According to Reeves, Adams had fallen and she was attempting to help him up. Adams and Reeves ended up getting into an altercation. At one point, Adams grabbed a pipe from the dining room and hit Reeves several times in the hand. Reeves sustained metacarpal fractures to her hand.

{¶ 3} Police and EMS arrived to Adams's house in response to a report of an assault on a female at the residence. The responding officers reported that the house smelled of alcohol, and a television had been smashed. They found Adams sitting naked on the kitchen floor.

{¶ 4} On May 29, 2018, Adams was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of felonious assault in violation of R.C. 2903.11(A)(2). On August 14, 2018, Adams pleaded guilty to an amended count of attempted felonious assault. The court referred Adams to the probation department for the preparation of a presentence-investigation report.

{¶ 5} On September 18, 2018, the court held a sentencing hearing. The prosecutor, defense counsel, and Adams addressed the court. Adams was sentenced

to three years in prison.  Adams now appeals, assigning the following error for our review:

ASSIGNMENT OF ERROR

The trial court erred when it imposed a felony sentence of three years of imprisonment when that sentence was not the minimum sanction necessary to accomplish the purposes of sentencing without unnecessarily burdening government resources.

**Law and Analysis**

{¶ 6}  In his sole assignment of error, Adams argues that the trial court erred in sentencing him beyond the minimum sanction necessary to accomplish the purposes of felony sentencing.

{¶ 7}  Pursuant to R.C. 2953.08(G)(2), a reviewing court may increase, reduce, or otherwise modify a felony sentence if it clearly and convincingly finds that either (a) the record does not support certain required statutory findings, or (b) the sentence is otherwise contrary to law.  A sentence is contrary to law if the court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 8}  R.C. 2929.11(A) establishes that the overriding purposes of felony sentencing are to protect the public from future crime by the offender, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines will accomplish those purposes. While sentencing courts have discretion to determine how best to comply with these purposes, R.C. 2929.12 provides a list of factors that courts must consider in felony

sentencing. Courts must carefully consider these purposes and factors, but "it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10.

{¶ 9} A review of the record in this case shows that the trial court considered the relevant factors in R.C. 2929.12 and the purposes of felony sentencing in R.C. 2929.11. At sentencing, the court stated that it considered the seriousness and recidivism factors, and it explicitly referenced his significant criminal history. Further, the sentencing journal entry states that "the court considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11." Adams specifically argues that the trial court did not acknowledge its responsibility to impose the minimum sentence necessary without burdening government resources, pursuant to R.C. 2929.11. Although the court did not specifically acknowledge this, it was not required to do so, and the record clearly indicates that the court considered R.C. 2929.11 and 2929.12. Even where a trial court does not make a general reference to its consideration of R.C. 2929.11 and 2929.12 at the sentencing hearing or in its sentencing journal entry, this court has consistently held that it can be presumed that the trial court considered the relevant factors unless the defendant affirmatively shows otherwise. *State v. Jung*, 2018-Ohio-1514, 111 N.E.3d 54, ¶ 16 (8th Dist.), citing *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. *See also State v. Esner*, 8th Dist. Cuyahoga

No. 90740, 2008-Ohio-6654, ¶ 10.   Here, Adams has not made an affirmative showing that the trial court failed to consider the required factors.

{¶ 10}  Adams pleaded guilty to attempted felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree.   R.C. 2929.14(A)(3)(b) provides that the sentencing range for this offense is between 9 and 36 months.   Here, the court's 36-month sentence was within the statutory range.

{¶ 11}  Because Adams's sentence is within the statutory range and we do not clearly and convincingly find that the record does not support the relevant findings, we 0verrule the sole assignment of error and affirm Adams's sentence.

{¶ 12}  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

\_\_\_\_
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR