[Cite as *State v. Bonner*, 2019-Ohio-5243.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108273 |
| v. | : | |
| DEONDRE BONNER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623056-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel A. Cleary, Assistant Prosecuting Attorney, *for appellee.*

Ariel Burr, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Deondre Bonner, appeals his convictions for rape and aggravated robbery. For the following reasons, we affirm his convictions.

{¶ 2} In November 2017, Bonner was named in a 13-count indictment charging him with six counts of rape, three counts of kidnapping, three counts of

aggravated robbery, and one count of gross sexual imposition. The charges stemmed from Bonner's multiple acts of rape involving three different victims. In November 2018, Bonner pleaded guilty to Counts 1 and 2, rape (vaginal and oral; victim 1); Count 4, aggravated robbery; Count 5, rape (vaginal; victim 2); and Counts 8 and 9, rape (oral and digital; victim 3). At the time of the plea, the parties agreed that the offenses would not merge for sentencing. Bonner was sentenced to a total prison term of 55 years.

{¶ 3} Bonner now appeals, contending in his sole assignment of error that the trial court committed plain error by failing to merge the rape offenses charged in Counts 1 and 2 pertaining to victim 1, and by failing to merge the rape offenses charged in Counts 8 and 9 pertaining to victim 3.

{¶ 4} R.C. 2941.25(A) prohibits multiple punishments for two or more offenses resulting from the same conduct. It is possible, however, for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by "'stipulating in the plea agreement that the offenses were committed with separate animus.'" *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. This court has repeatedly held that where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived. *See, e.g., State v. Albright,* 8th Dist. Cuyahoga No. 107632, 2019-Ohio-1998, ¶ 34; *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561 (8th Dist.); *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515.

{¶ 5} In this case, the state and defense agreed that the offenses would not merge. (Tr. 15, 31.) Accordingly, Bonner has waived this issue on appeal.

{¶ 6} Notwithstanding waiver, each rape offense for each victim represented different acts of rape. Offenses are not allied when they are dissimilar in import or significance, or when the offenses are committed separately. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. This court has consistently held that rape involving different types of sexual activity, such as vaginal intercourse, digital penetration, and oral intercourse, arise from distinct conduct and are not considered allied offenses, even when committed during the same sexual assault. *See, e.g., State v. Nunez*, 8th Dist. Cuyahoga No. 102946, 2016-Ohio-812, ¶ 20; *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 33.

{¶ 7} In this case, Bonner pleaded guilty to rape offenses involving three different victims. Regarding the argument raised on appeal, the rape charges in Counts 1 and 2 pertaining to victim 1 involved distinct acts of sexual conduct; thus, those counts are not allied and do not merge. Similarly, the rape charges in Counts 8 and 9 pertaining to victim 3 also involved distinct acts of sexual conduct; thus, those counts are not allied and do not merge.

{¶ 8} The assignment of error is wholly without merit and is overruled.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR