[Cite as *State v. Miller*, 2020-Ohio-5431.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109214 |
| v. | : | |
| JOHNNY RANSOME MILLER, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 25, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639384-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Theodore Parran, Assistant Prosecuting Attorney, *for appellee.*

Thomas Rein, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant Johnny Ransome Miller ("appellant") brings the instant appeal challenging the trial court's judgment entry finding him guilty of aggravated burglary, aggravated robbery, grand theft of a firearm, and accompanying firearm specifications. Appellant argues that his convictions were not supported by

sufficient evidence and were against the manifest weight of the evidence. Appellant further contends that the trial court should have merged Counts 1 and 2 for purposes of sentencing. After a thorough review of the record and the law, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} On March 13, 2019, appellant and another unidentified individual came to the home of Dwight Burress ("Burress"). Appellant and Burress had been acquainted with each other for several months prior to this day. They had spent time at Burress's apartment, often playing video games together. Burress knew appellant's name, where he worked, and that appellant's brother also lived in Burress's apartment building.

{¶ 3} On the day in question, the door to Burress's apartment was open, and the unidentified individual ("the other individual") and appellant walked in. The other individual took a seat in a chair next to Burress's bed and asked if he could smoke "tune," meaning synthetic marijuana, to which Burress stated no. The other individual conversed with Burress about playing video games and then got up and began to walk to the restroom. Burress asked him what he was doing, and the other individual asked if he could use the restroom. As he did so, appellant remained standing by the open door to Burress's apartment. When the other individual returned from the restroom, Burress heard a gun click and the other individual held a gun in Burress's face. Appellant closed and locked the door to the apartment and told Burress to shut up. The other individual threatened Burress that if he moved,

he would "bust" him and ordered him against the wall, while continuing to point the firearm at him. During this time, appellant used a cardboard box to take certain items from the victim, including a handgun, two cellular phones, $60 in cash, and an electronic cigarette (vape pen). Appellant then left the scene, followed by the other individual, who kept the firearm pointed at Burress the entire time. Burress was able to see them both get into a vehicle that had been parked across the street.

{¶ 4} Burress then went to his neighbor's apartment to use his phone to call 911 to report the robbery and gave a detailed description of the incident and the perpetrators. Cleveland police responded to the scene and spoke with Burress. He described to the responding officer how he knew appellant and what his social media screenname or "handle" was. Burress further detailed all of the items that appellant and the other individual had taken.

{¶ 5} Cleveland police investigators looked into the incident further, but were unable to identify the other individual. They showed Burress a photo array, from which he identified appellant. In addition, the detective assigned to the case listened to a jail call made by appellant. The call was placed a few hours after the detective had visited appellant in jail. In the call, appellant asks the female recipient to destroy evidence, specifically noting a phone the police would be looking for because it had "all the evidence," along with a vape pen. Also during the call, appellant discussed how he had sold the "piece," which police inferred was a reference to the firearm stolen during the robbery.

{¶ 6} Appellant was subsequently indicted on one count of aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(2); one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1); and one count of grand theft of a firearm, a felony of the third degree, in violation of R.C. 2913.02(A)(1). Counts 1 and 2 included firearm specifications.

{¶ 7} This matter was tried to a jury. At the close of the state's case, appellant moved for acquittal, which was denied. The motion was renewed at the close of the entire case and was again denied. The jury returned a verdict of guilty on all counts. The trial court found that Counts 2 and 3 merged for purposes of sentencing. Appellant was sentenced to six years on Count 1, six years on Count 2, to run concurrently to Count 1, and three years on the firearm specifications. The six-year sentence was to be served consecutively to the three-year firearm specifications sentence for an aggregate sentence of nine years.

{¶ 8} Appellant then filed the instant appeal, raising three assignments of error for our review.

> 1. The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(A), on the charges, and thereafter entering a judgment of conviction of those offenses as those charges were not supported by sufficient evidence, in violation of defendant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> 2. Appellant's convictions are against the manifest weight of the evidence.
>
> 3. The trial court erred by ordering convictions and a separate sentence for separate counts because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant

to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

## II. Law and Analysis

## A. Sufficiency of the Evidence

{¶ 9} In his first assignment of error, appellant argues that the trial court erred by denying his motion for acquittal.

{¶ 10} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency of the evidence require the same analysis. *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Driggins*, 8th Dist. Cuyahoga No. 98073, 2012-Ohio-5287, ¶ 101, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 11} The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Vickers*, 8th Dist. Cuyahoga No. 97365, 2013-Ohio-1337, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶ 12} In the instant matter, appellant argues that the state failed to establish that appellant was guilty of aggravated burglary, aggravated robbery, grand theft, or any of the firearm specifications.

{¶ 13} Appellant contends that there was no force, stealth, or deception nor was there any trespass, as required by the statute, to support an armed robbery charge. Appellant argues that Burress testified that he routinely keeps his door unlocked and regularly has a number of people over. Appellant asserts that, because he knew Burress and he and the other individual were able to walk right into the apartment, they were not uninvited guests.

{¶ 14} The state argues that any possible permission granted to appellant and the other individual was revoked at the moment when Burress was held at gunpoint and robbed of his valuables. In addition, the state contends that appellant used deception to gain entry to the apartment by engaging Burress in a conversation regarding video games. Finally, with regard to intent, the state submits that the evidence supports a reasonable inference that appellant and the other individual planned the robbery beforehand because (1) appellant was familiar with Burress's apartment and habits, particularly his video game playing, and used that knowledge to gain entry; (2) the other individual was familiar with the layout of the apartment despite never having been there before; (3) appellant and the other individual's actions appeared to be coordinated pursuant to a plan or arrangement; and (4) appellant and the other individual left together in the same vehicle.

{¶ 15} Appellant was charged with aggravated burglary under R.C. 2911.11(A)(1), which required the state to prove that appellant "by force, stealth, or deception, * * * trespass[ed] in an occupied structure * * * with [the] purpose to commit * * * any criminal offense," and inflicted, or attempted to inflict, or threatened to inflict physical harm on another. Appellant argues that he was an invited guest in the apartment.

{¶ 16} We have consistently interpreted the Supreme Court of Ohio's decision in *State v. Steffen*, 31 Ohio St.3d 111, 115, 509 N.E.2d 383 (1987), for the proposition that "a violent crime committed in the residence of one other than the defendant always constitutes aggravated burglary (i.e., the commission of the crime terminates the privilege to remain in the home)." *State v. Mitchell*, 8th Dist. Cuyahoga No. 94287, 2010-Ohio-5775, ¶ 15. *See also State v. Johnson*, 8th Dist. Cuyahoga No. 97698, 2012-Ohio-3812, ¶ 18 (relying on *Steffen* in affirming an aggravated burglary conviction and concluding that, even if the defendant had permission to enter the victim's residence, that permission was revoked when the defendant committed an "act of violence against a person who has the authority to revoke the privilege of initial entry"); *State v. Hill*, 8th Dist. Cuyahoga No. 95379, 2011-Ohio-2523, ¶ 25.

{¶ 17} The state's evidence demonstrated that appellant committed a violent crime against Burress while inside Burress's residence by participating in the theft of Burress's possessions. The jury was instructed that it could consider complicity,

or aiding and abetting, in determining appellant's guilt. In *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus, the Supreme Court of Ohio held:

> To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime.

{¶ 18} The state may demonstrate that an accused is guilty of aiding and abetting by direct or circumstantial evidence. *State v. Mendoza*, 137 Ohio App.3d 336, 342, 738 N.E.2d 822 (3d Dist.2000). The "mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner*, 69 Ohio St.2d 267, 269, 431 N.E.2d 1025 (1982). However, "'[p]articipation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed.'" *State v. Cartellone*, 3 Ohio App.3d 145, 150, 444 N.E.2d 68 (8th Dist.1981), quoting *State v. Pruett*, 28 Ohio App.2d 29, 34, 273 N.E.2d 884 (4th Dist.1971). *See also State v. Copeland*, 8th Dist. Cuyahoga No. 106988, 2019-Ohio-1370, ¶ 42.

{¶ 19} In *State v. Capp*, 8th Dist. Cuyahoga No. 102919, 2016-Ohio-295, this court stated:

> The complicity statute requires that an accomplice be treated as though he was the person who committed every act of the underlying principal offense. *State v. Kimble*, 7th Dist. Mahoning No. 06 MA 190, 2008-Ohio-1539, ¶ 27. "'In other words, the court can impute the elements of the principal offense, committed by the principal, to the aider and abettor.'" *Id.*, quoting *State v. Jackson*, 90 Ohio App.3d 702, 705, 630 N.E.2d 414 (6th Dist.1993); *State v. Hurse*, 10th Dist. Franklin No. 14AP-687, 2015-Ohio-2656, ¶ 11.

* * *

If complicity is proven, a defendant is subject to a sentencing enhancement on a firearm specification regardless of whether he was the principal offender or an unarmed accomplice. *State v. Chapman*, 21 Ohio St.3d 41, 42-43, 487 N.E.2d 566 (1986); [*State v.*] *Howard*[, 8th Dist. Cuyahoga No. 97695, 2012-Ohio-3459,] at ¶ 24 ("It is well settled that an unarmed accomplice can be convicted of an underlying felony, together with a firearm specification, based on an aider and abettor status."), quoting *State v. Porch*, 8th Dist. Cuyahoga No. 65348, 1994 Ohio App. LEXIS 1936, *11 (May 5, 1994). "In such a case, the actions of the principal are imputed to the accomplice, and the accomplice may be found to have committed every element of the offense committed by the principal, including possession of the weapon." *State v. Humphries*, 8th Dist. Cuyahoga No. 99924, 2014-Ohio-1230, ¶ 18, citing *State v. Frost*, 164 Ohio App.3d 61, 2005-Ohio-5510, 841 N.E.2d 336 (2d Dist.), and *State v. Alexander*, 8th Dist. Cuyahoga No. 98941, 2013-Ohio-2533; *State v. Noor*, 10th Dist. Franklin No. 13AP-165, 2014-Ohio-3397, ¶ 51, fn. 2 ("A firearm specification is not a separate offense but, rather, a sentencing provision that enhances the penalty for the associated predicate offense.").

*Id.* at ¶ 24, 27.

{¶ 20} In the instant matter, the state's evidence in this case demonstrates that appellant was more than merely present. He had known Burress for several months prior to the robbery and knew that asking about playing video games was likely to yield entrance to Burress's apartment. Further, he closed and locked the door once the other individual pointed the firearm at Burress and gathered the items that were taken. Finally, the appellant and the other individual drove off together after the robbery was complete. Based on the foregoing, the evidence established that appellant was more than a mere bystander, and that he supported, assisted, and cooperated with the other individual, and there is strong circumstantial evidence

that he shared the other individual's intent.  Thus, regardless of how he initially gained entry, any permission given to appellant to enter the apartments was revoked once he committed the violent act against Burress.  *See Mitchell* at ¶ 15.

{¶ 21} Accordingly, the state presented sufficient evidence to demonstrate appellant's guilt.  Appellant's first assignment of error is overruled.

## B. Manifest Weight of the Evidence

{¶ 22} In his second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence.  A manifest weight challenge questions whether the state met its burden of persuasion.  *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.  "A conviction should be reversed as against the manifest weight of the evidence only in the most 'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Burks*, 8th Dist. Cuyahoga No. 106639, 2018-Ohio-4777, ¶ 47, quoting *Thompkins* at 387.

{¶ 23} Although we review credibility when considering the manifest weight of the evidence, we are cognizant that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact.  *Burks* at ¶ 48, citing *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶ 24} Further, "[t]he trier of fact is best able 'to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Burks* at *id.*, quoting *State*

*v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. The jury may take note of any inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *Burks* at *id.*, citing *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶ 25} Appellant argues that there is no independent corroborative evidence to substantiate Burress's claims. There were no statements from other witnesses, no DNA evidence was taken from anything that appellant or the other individual was alleged to have touched, there were no fingerprints tying appellant to the scene, there is no video evidence placing appellant there, and none of Burress's property was ever recovered. Appellant acknowledges the jail call to the female, but notes that neither the robbery nor Burress were ever referenced.

{¶ 26} The state asserts that Burress's testimony was subject to cross-examination, during which his statements regarding appellant and the details of the robbery remained consistent. Further, his testimony comported with his statements to both the responding officer and the investigating detective, along with the 911 call, which was played for the jury. Moreover, the state maintains that there was no evidence introduced at trial that would undermine Burress's testimony.

{¶ 27} After reviewing the record, we cannot say that appellant's convictions are against the manifest weight of the evidence. The jury heard the witnesses' testimony and had the opportunity to take into account any inconsistencies and assess the credibility of the witnesses. Accordingly, we cannot say that this is the

exceptional case where the evidence weighs heavily against the convictions or that the jury clearly lost its way and created a manifest miscarriage of justice. Appellant's second assignment of error is therefore overruled.

## C. Allied Offenses

{¶ 28} In his third assignment of error, appellant asserts that the trial court erred by failing to merge his convictions for aggravated burglary and aggravated robbery (Counts 1 and 2).

{¶ 29} Pursuant to R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However,

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his [or her] conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(B).

{¶ 30} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: (1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus or

motivation. *Id.* at ¶ 25. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. Therefore, in determining whether offenses are allied under R.C. 2941.25, courts are instructed to consider three separate factors — the conduct, the animus, and the import. *Id.* at paragraph one of the syllabus.

{¶ 31} "Offenses are not allied when they are dissimilar in import or significance, or when the offenses are committed separately." *State v. Bonner*, 8th Dist. Cuyahoga No. 108273, 2019-Ohio-5243, ¶ 6, citing *Ruff* at ¶ 25.

{¶ 32} We have previously held that aggravated burglary and aggravated robbery are of dissimilar import. *State v. Marshall*, 8th Dist. Cuyahoga No. 87334, 2006-Ohio-6271, ¶ 35, citing *State v. Stern*, 137 Ohio App.3d 110, 116, 738 N.E.2d 76 (1st Dist.2000); *State v. Williams*, 74 Ohio St.3d 569, 580, 660 N.E.2d 724 (1996); *State v. Lamberson*, 12th Dist. Madison No. CA2000-04-012, 2001 Ohio App. LEXIS 1255 (Mar. 19, 2001).

> As these courts have found, when the elements of aggravated burglary and aggravated robbery are aligned in the abstract, commission of the one does not entail commission of the other. Specifically, conviction for aggravated burglary requires proof that the defendant trespassed in an occupied structure with the purpose of committing a criminal offense therein while possessing a deadly weapon. R.C. 2911.11(A)(2). Conviction for aggravated robbery does not require any trespass, but requires proof that the defendant both possess a deadly weapon and "either display the weapon, brandish it, indicate that the offender possesses it, or use it" while committing a theft offense. R.C. 2911.01(A)(1). Therefore, each offense requires proof of an element

that the other does not, and as a result they cannot be allied offenses of similar import.

*Marshall* at ¶ 35, citing *Stern* at 116.

{¶ 33} The trial court therefore did not err in declining to merge Counts 1 and 2, and appellant's third assignment of error is overruled.

## III. Conclusion

{¶ 34} After thoroughly reviewing the record, we affirm the judgment of the trial court. Appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. In addition, the trial court did not err in declining to merge Counts 1 and 2 because aggravated burglary and aggravated robbery are not allied offenses of similar import.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR